59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Brian LONG, Defendant-Appellant.
 No. 94-30441.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Brian Long, a federal prisoner, appeals pro se the denial of his 18 U.S.C. Sec. 3582(c)(2) motion to reduce his 120-month sentence imposed following his guilty plea to importing phenylacetic acid, a chemical used to manufacture methamphetamine, in violation of 21 U.S.C. Sec. 960(d)(2). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Long, who was sentenced in 1990 pursuant to U.S.S.G. Secs. 2D1.1(c)(6) and 2D1.4, contends that he should be resentenced pursuant to U.S.S.G. Sec. 2D1.11(d)(2), which was enacted in 1991, because Sec. 2D1.11 has been made retroactive. See U.S.S.G. Sec. 1B1.10(c) (Nov.1994) (referencing U.S.S.G. App. C, Amendment 371).
 
 
 4
 Pursuant to 18 U.S.C. Sec. 3582(c)(2), the district court has discretion to reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered." See U.S.S.G. Sec. 1B1.10(a); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir.1992). In the exercise of its discretion, the district court must consider such factors as "the need for the sentence ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. Sec. 3553(a); see 18 U.S.C. Sec. 3582(c)(2).
 
 
 5
 Here, Long's adjusted offense level was 34, resulting in a range of 151 to 188 months imprisonment, but he was sentenced to the statutory maximum 120-month term, as stipulated in his plea agreement. In exchange for Long's plea, the government agreed to dismiss other charges which carried mandatory minimum terms totalling fifteen years imprisonment. Under these circumstances, the district court did not abuse its discretion by refusing to reduce his sentence through retroactive application of U.S.S.G. Sec. 2D1.11.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3